40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manfred WESTPHAL, husband; Orietta Westphal, Plaintiffs-Appellants,
v.
Steven RUBISCH, D.D.S., Defendant-Appellee.
 No. 93-15832.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 23, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Orietta and Manfred Westphal appeal the district court's denial of their motion for relief from judgment. They contend that their trial was tainted by juror misconduct. We affirm.
 
 BACKGROUND
 
 3
 In 1992, Orietta and Manfred Westphal ("the Westphals") sued Dr. Steven Rubisch in the United States District Court of Arizona for dental malpractice. The jury returned a verdict for Dr. Rubisch. After the trial, Dr. Paul Gledhill, one of the plaintiffs' experts, told the Westphals about an incident that had occurred during the trial. He was on the courthouse steps when the Westphals drove up in their car, a Mercedes. He heard one juror in the case remark to two or three others: "Hey, look at this. They must really need it." The Westphals contend that this was a sarcastic remark about the Westphals' perceived wealth. The Westphals brought a motion for relief from judgment that the district court denied. They now appeal.
 
 ANALYSIS
 
 4
 We review a 60(b) motion for relief from judgment for abuse of discretion. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993). We find that the district court did not abuse its discretion.
 
 
 5
 The Westphals contend that the comment was extraneous information that demonstrated juror bias and prejudice. Ninth Circuit cases do not support their view. First, the Westphals have not shown that the jury considered the Westphals' financial status when reaching their decision. The comment may have been a joking, off-handed remark that had no ramifications in the jury deliberations at all. The district court instructed the jury to "determine the facts only from the evidence produced in court" and "not be influenced by sympathy or prejudice." (Jury instructions as given by court, CR 70). We presume that the jury followed those instructions. United States v. Alston, 974 F.2d 1206, 1210 (9th Cir.1992) ("A jury is presumed to follow the instructions given by the court.").
 
 
 6
 Second, even if the jurors had considered the Westphals' wealth when making their decision, their actions may not have amounted to jury misconduct or bias. See Morgan v. Woessner, 997 F.2d 1244, 1261 (9th Cir.1993) (no new trial even though jurors considered amount of plaintiff's attorney fees when granting the verdict), cert. dismissed sub nom., Searle v. Morgan, 114 S.Ct 671 (1994). Even jurors who articulate a clear personal agenda regarding their verdict are not always considered biased. See id. at 1261 (jurors who wanted to "send a message to City Hall" with their verdict only had "the type of subjective thoughts and beliefs which are beyond the scope of inquiry in a motion for a new trial on the grounds of juror misconduct").
 
 
 7
 Third, a party is entitled to a new trial only if the judge finds a "reasonable possibility that the extrinsic material could have affected the verdict." United States v. Vasquez, 597 F.2d 192, 193 (9th Cir.1979). Courts have found to be fair trials in which jurors considered extraneous information more substantive than the remark at issue in the present case. See United States v. Bagnariol, 665 F.2d 877 (9th Cir.1981) (no new trial though juror did outside research about a company at stake in the litigation), cert. denied, 456 U.S. 962 (1982); Hard v. Burlington Northern R.R., 870 F.2d 1454 (9th Cir.1989) (no new trial though juror may have told other jurors about his experience as an employee of the defendant's predecessor company and about his familiarity with X-rays, which were one piece of evidence).
 
 
 8
 Plaintiffs' cite two cases in which the Ninth Circuit has granted new trials in light of juror misconduct. But in those cases, unlike in this one, the jurors had consulted substantive evidence some of which had previously been ruled inadmissible. See Gibson v. Clanon, 633 F.2d 851 (9th Cir.) (new trial ordered when jurors consulted encyclopedia to research facts that the trial court had ruled inadmissible), cert. denied, 450 U.S. 1035 (1981); Vasquez, 597 F.2d 192 (new trial ordered when jurors looked through official court file that contained inadmissible evidence).
 
 
 9
 Litigants are entitled to "a fair trial but not a perfect one." Hard, 870 F.2d at 1460 (quoting Brown v. United States, 411 U.S. 223, 231-2 (1973)). Although disturbing to the Westphals, the juror comment at issue here does not rise to the level of juror misconduct. It is merely part of "the general knowledge, opinions, feelings and bias that every juror carries into the jury room." Id. at 1461. We agree with the trial court that a new trial is unwarranted.
 
 
 10
 Affirmed.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3